Hitchcock, J.,
delivered the opinion of the court:
The depositions offered in evidence purport to have been taken-under section 72 of the practice act of February 18, 1824, 22 Ohio L. 65. At least they were taken while that act was in force, and at the time there was no other law in the state, authorizing the taking of depositions under a notice merely. This section provides-that, under the circumstances ^therein specified, the depositions of certain persons “may be taken, before an j justice or judge ot any of the courts oí the United States, or before any chancellory *300 s.master commissioner in chancery, justice or judge of a supreme or superior court, mayor or chief magistrate of a city, or judge of any , county court, or court of common pleas, or justice of the peace, of any of the United States or of this state.” Here are two descriptions ■ of officers who are authorized to take depositions; those who . derive their offices from the United States, and those who derive their offices from the several states. Of the first cla'ss is the “justice ov judge of any of the courts of the United States.” The judicial officers of the Supreme Court of the United States are ■ styled justices; of the several district courts, judges. Before either ■ of these, depositions might be taken under the statute. And per- ■ haps it would not be a forced construction to say that they might be taken before the judical officers of the territorial courts of record. They derive their authority from the United States, and the courts in which they preside are courts of the United States.
Of the latter class are a “ chancellor,” “ master commissioner in ■ chancery," “justice or judge of any supreme or superior court,” or of any “county court or court of common pleas,” “mayor or chief magistrate of a city,” or “justice of the peace of any of the United .States or of this state." In some of the states the judicial officers of the higher judicial tribunals are styled justices, in others, judges. In our own state they are known by the latter appellative. Ail these officers derive their offices from the state authority, and before ..any of them, might depositions be taken under our statute of 1824.
Alexandria, however, is not a town of any one of the states of this Union. It is not located in any one of the states, but in the District of Columbia, a territory of the United States. Its “ chief • magistrate," then, as such, had no power to take these depositions, because the power is delegated only to a “ mayor or chief magistrate ” of a city, in one of the United States or of “ this state.” It •.is said that the mayor of Alexandria is, ex officio, a justice of the peace, and as such may exercise this power. But the statute refers to justices of the *peace of “ any of the United States, or of this state." The objection is not that this officer has not power to administer oaths, but that he is not an officer specified ,-in the statute, and empowered to discharge the duty of taking depositions.
It has been urged, in argument, that the mayor of Alexandria .being, ex officio, a justice of the peace, and that town being within *301 a territory of the United States, that, therefore, the court which he is authorized to hold, is a court of the United States, that he is ■ a justice of that court, and as such justice might take these depositions. There is more of ingenuity than force in this argument.. It is not to be believed that the legislature, when speaking of a - “justice or judge of any of the courts of the United States," had reference to the justices of the peace appointed by the authority of the United States. Else why did they, in the subsequent part ■ of the same section, after having named “justices or judges ” of the state court, speak of “justices of the peace” as distinct officers ? A majority of the court entertain the opinion that, under this statute, a justice of the peace of one of the territories of the-United States had not authority to take depositions.
Nor is this the first time the question has been before the court. True, it is the first time the question has been before the court in bank, but not upon the circuit. And upon the circuit it has been repeatedly decided, and such depositions rejected. It may bethought that this is giving a strict construction to the statute. But it' must be remembered that depositions are not unfrequently ex parte. And where there is a statute authorizing the taking of them, that statute should be strictly pursued.
In the present case it has been urged, that, inasmuch as the proceedings are in chancery, a different rule should be adopted. The statute itself makes no difference whether the proceedings are at law or in chancery. In either case depositions may be taken. And in either ease the party has his election to take them under a commission or dedimus potestatem, or under the statute by giving notice. The complainants might have pursued the former course, and their depositions would have been well taken; but having-elected to pursue the latter, they must be bound by it. They *have attempted to pursue the statute and failed. Their depositions must, therefore, be excluded.
It is objected, however, that this question has been already decided in the present case, and that, therefore, it is too late to take-the exception. The fact appears to be this: At the September-term of the court, 1830, in Pickaway county, this case came before the court, and these same depositions were offered in evidence and objected to for the same reason as at the present time. The two judges who held the court divided in opinion as to the propriety of their reception. According to .the ordinary px'aetice *302 under such circumstances the depositions were read. The clerk •entered upon the journal of the daily proceedings that the objection had been made and overruled. It is not customary that interlocutory decisions of this character appear upon the journal. They constitute no part of the record. But in this caso it so happened that this does appear. At a subsequent day of .the term the whole case was reserved for decision in bank. This very difference of opinion might have been one reason for this reservation. It certainly would have been a sufficient reason. For if these depositions are rejected there is no evidence to support the ■complainants’ claim.
The whole-case having been reserved, the counsel for the defendants again raise the objection, and insist that the decision in Pickaway can have no binding force upon this court. And such is the unanimous opinion of the court. In fact, that was no de- • cisión; owing to a difference of opinion it was impossible to de- ■ cide. To hold otherwise would result in this absurdity: that a • court, consisting of four members, would be compelled to decide .a case upon evidence which three of them believed to be incompetent or improperly taken.
It may be well to observe that under the present existing law the same difficulty does not exist. The “ act to provide for the taking of depositions,” passed March 3, 1831, 29 Ohio L. 123, in •section 1, has a provision authorizing justices of the peace, of the territories as well as of the states, to take depositions.
*These depositions being excluded on account of having been improperly taken, the case may be continued to give the complainants an opportunity to retake them.
Judge Collet dissented.